**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ALFREDO JIMENEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-70122

Agency No. A077-363-419

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 5, 2016
Pasadena, California

Before:  KOZINSKI and WARDLAW, Circuit Judges, and BENCIVENGO,[**]
District Judge.

Jose Alfredo Jimenez, a native and citizen of Mexico, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") affirming the denial by

the immigration judge ("IJ") of Jimenez's petition for deferral of removal under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Convention Against Torture ("CAT"). Because "the BIA adopt[ed] the decision of the IJ" in its entirety, "we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

CAT Article 3 provides that a signatory may not return any person to a nation "if there are substantial grounds for believing that he would be in danger of being subjected to torture in that nation." *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (citation omitted) (internal quotation marks omitted). A petitioner for CAT relief bears the burden of establishing that "it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007); *see also* 8 C.F.R. § 208.17(d)(3).

Substantial evidence supports the IJ's determination that Jimenez is ineligible for deferral of removal under CAT. For example, the IJ found Jimenez's argument that his family is being targeted by the Los Zetas Cartel "largely speculative" and therefore determined that Jimenez did not "establish that the cartel would torture him on that basis." Similarly, the IJ found no evidence suggesting that the Sinaloa Cartel can identify Jimenez or that it is "seeking to

2

punish anyone involved in the drug smuggling attempt." Substantial evidence

supports these findings, and the record does not compel the contrary conclusion.

**DENIED.**